UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD WARE,

    Plaintiff,                                            Case No.:

vs.

CADRE CONSULTING CORP,
MILLICENT JOHNSON, Individually,
and MICHAEL K. JOHNSON, Individually,

    Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEONARD WARE, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants, CADRE CONSULTING CORP, (hereinafter known as "CADRE"), MILLICENT JOHNSON, individually, (hereinafter referred to as "JOHNSON") and MICHAEL K. JOHNSON, individually (hereinafter known as "MK JOHNSON"), collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle

District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Hillsborough County, Florida.

4. Defendant, CADRE, is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County. At all times material Defendant, CADRE, was an employer as defined by the FLSA.

5. Defendant, JOHNSON, is the President of Cadre Consulting Corp and was acting in a supervisory capacity for Defendant, CADRE. Defendant JOHNSON, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, JOHNSON, possessed operational control of business activities.

6. Defendant, MK JOHNSON, is the Vice President of Cadre Consulting Corp and was acting in a supervisory capacity for Defendant, CADRE. Defendant, MK JOHNSON had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment,

determined the rate and method of payment and/or maintained employment records. Defendant, MK JOHNSON, possessed operational control of business activities.

7. Defendants, JOHNSON and MK JOHNSON, were involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

8. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

9. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

10. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

11. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendants, 29 U.S.C. §207(a)(1).

12. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

13. Plaintiff was hired by Defendants on or around March 2020, in the position of Field Services Technician.

14. Plaintiff signed a formal agreement of employment stating he would be compensated for his professional services in the amount of thirty dollars ($30.00) per hour.

15. During the first four months of Plaintiff's employment Defendants paid Plaintiff his hourly rate plus his earned overtime.

16. Defendants then requested that Plaintiff begin traveling for work and assigned him to the Chase Bank builds.

17. Over the next several months Defendants paid Plaintiff either sporadically or not at all.

18. Plaintiff became overwhelmed fronting the travel expenses in addition to not being paid his wages.

19. Plaintiff regularly and routinely worked over forty (40) hours in a work week.

20. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week

for all weeks that he worked.

21. Plaintiff estimates he is owed approximately seventy thousand dollars ($70,000.00) in unpaid wages, unpaid overtime and travel expenses.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)
## AS TO ALL DEFENDANTS

22. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

23. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

24. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

25. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

26. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

27. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours

in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

28. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

29. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

30. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

31. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLSA MINIMUM WAGE AS TO ALL DEFENDANTS

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

34. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

35. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
## AS TO CADRE CONSULTING CORP

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-one (21).

37. Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant, CADRE, employer pursuant to Florida Statute Chapter 448.08.

38. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

39. Defendant, CADRE, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, CADRE, for back pay, unpaid wages, commissions, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 19th day of July 2021.

                                                FLORIN GRAY BOUZAS OWENS, LLC

                                                /s/Wolfgang M. Florin
                                                WOLFGANG M. FLORIN, ESQUIRE

Florida Bar No.: 907804
wolfgang@fgbolaw.com
CHRISTOPHER D. GRAY, ESQUIRE
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff