UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEONARD WARE,**

    **Plaintiff,**

v.                                  Case No.: 8:21-cv-01743-TPB-AAS

**CADRE CONSULTING CORP,
MILLICENT JOHNSON, and
MICHAEL K. JOHNSON,**

    **Defendants.**
_____/

## AMENDED REPORT AND RECOMMENDATION

Plaintiff Leonard Ware moves for entry of a default judgment against Defendants Cadre Consulting Corp. (Cadre), Millicent Johnson (Johnson), and Michael K. Johnson (MK Johnson) (collectively, the defendants). (Doc. 20). The defendants did not respond, and the time has expired. *See* Local Rule 3.01(c), M.D. Fla.[1]

### I. BACKGROUND

Mr. Ware sues the defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19. (Doc. 1). On July 30, 2021, Mr. Ware served Cadre with the complaint and filed proof of service. (Doc. 6). On September 2,

---

[1] Because the defendants failed to timely respond to Mr. Ware's motion, the court may treat it as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

1

2021, Mr. Ware served Johnson and MK Johnson with the complaint and filed proof of service. (Docs. 10, 11). The defendants failed to respond. The Clerk entered defaults against the defendants on July 17, 2020. (Docs. 12, 15, 16).

Mr. Ware moves for default judgment against the defendants. (Doc. 20). Mr. Ware requests $35,000.00 in damages and liquidated damages and an award of attorney's fees and costs. (*Id.* at p. 10). The defendants did not respond. The court directed Mr. Ware to provide additional information supporting his damages claim by April 29, 2022. (Doc. 23).

On April 27, 2022, Mr. Ware's counsel moved to withdraw. (Doc. 24). The court granted Mr. Ware's counsel's motion to withdraw and directed Mr. Ware to provide information supporting his damages request by May 27, 2022. (Doc. 25). Mr. Ware failed to do so, and the court entered an order to show cause directing Mr. Ware to provide this information by June 14, 2022. (Doc. 26). Mr. Ware failed to do so.

On June 21, 2022, the undersigned recommended, due to Mr. Ware's failure to provide the information as directed, Mr. Ware's motion for default judgment be denied and this action be dismissed without prejudice for failure to prosecute. (Doc. 27). That same day, Mr. Ware submitted a response to the court's order and attached information addressing claimed hours worked and other expenses. (*See* Doc. 28).

On September 2, 2022, the court held an evidentiary hearing on Mr. Ware's motion for default judgment against the defendants. (*See* Doc. 35). Mr. Ware testified about the documents submitted on June 21, 2022. The court sent defendants the hearing notice, but the defendants did not appear. (*See* Doc. 34, p. 2).

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. See Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant if the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206) (5th Cir. 1975). "While a complaint ... does not need detailed factual allegations," a

plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on damages is not required by Rule 55, and it is within the court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

## III.  ANALYSIS

### A.  Service of Process

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served under state procedures "for serving a summons in an action brought in

4

courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Federal Rule of Civil Procedure 4(h)(1), a corporation may be served according to state law governing service on an individual or by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); *see Howard v. Otis Elevator*, 6:09-cv-948-ORL-19KRS, 2010 WL 916660, at *2–3 (M.D. Fla. Mar. 11, 2010).

Here, service was made in Florida. Under Florida Statutes § 48.031, service of process on an individual may be made by leaving copies at the individual's usual place of abode with a resident fifteen years of age or older and informed of the contents of the papers to be served. Fla. Stat. § 48.031(1)(a). Mr. Ware submitted a Returns of Service certifying that Johnson and MK Johnson were served by leaving copies with MK Johnson at their usual place of abode. (Docs. 10, 11). The Return of Service also states MK Johnson was informed of the contents of the papers to be served. (*Id.*). Thus, Mr. Ware established proper service on Johnson and MK Johnson.

Fla. Stat. § 48.081 governs service on Florida corporations, such as Cadre. Service may be made on a corporation through its registered agent. Fla. Stat. § 48.081(3)(a). If the address for the registered agent is a residence, service on the corporation may be accomplished by serving the registered agent

5

under § 48.031. Fla. Stat. § 48.081(3)(b). Mr. Ware served Cadre through its registered agent, United States Corporation Agents Inc. (Doc. 6). Thus, Mr. Ware established proper service on Cadre.

### B. Liability

#### 1. FLSA Overtime Wage (Count I)

Mr. Ware alleges the defendants failed to pay him required overtime compensation under the FLSA. (Doc. 1, ¶¶ 22–32). With limited exceptions not applicable here, the FLSA provides that an employee engaged in interstate commerce must be paid overtime wages of one and one-half times the regular rate of pay for hours worked over forty hours per week. 29 U.S.C. § 207(a)(2); *see Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *2 (M.D. Fla. Feb. 6, 2017) ("[W]hether an exemption applies is not at issue in this case due to Defendant's default because the burden is on an employer seeking the exemption to prove that the employee falls within the exemption.").

To establish a claim for unpaid overtime wages under the FLSA, the plaintiff must demonstrate that (1) the defendants employed the plaintiff; (2) the defendants were an enterprise engaged in interstate commerce; (3) the plaintiff worked over 40 hours per week; and (4) the defendants failed to pay the plaintiff overtime wages. 29 U.S.C. § 207(a); *Morgan v. Fam. Dollar Stores,*

6

*Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008); *Sanchez v. Grundy Pizza, Inc.*, No. 6:16-cv-596-ORL-31GJK, 2017 WL 693348, at *3 (M.D. Fla. Feb. 2, 2017).

Mr. Ware alleges facts supporting each element of his claim for unpaid overtime wages. First, Mr. Ware contends the defendants employed him full-time in the position of Field Services Technician. (Doc. 1, ¶ 13). In addition, Mr. Ware asserts that the defendants were engaged in interstate commerce during his employment. (*Id.* at ¶¶ 10–11). Finally, Mr. Ware alleges he worked over 40 hours regularly and routinely in his employment but was not paid for those overtime hours. (*Id.* ¶¶ 20–21). Mr. Ware also pleaded that Johnson and MK Johnson were the president and vice-president of Cadre and had operational control over Mr. Ware's employment. (*Id.* at ¶¶ 5–7).

The defendants, through their default, admit these well-pleaded allegations in the complaint. *See Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (providing that a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact). Based on Mr. Ware's allegations, Johnson and MK Johnson may be held jointly and severally liable as an employer under the FLSA. *See* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013) ("A corporate officer is personally liable as an FLSA employer if he has operational control of a corporation's covered enterprise,

7

which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue."); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ("[T]he FLSA contemplates that a covered employee ... may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment."). Thus, Mr. Ware established liability for the defendants on Count I for unpaid overtime wages and liquidated damages under the FLSA.

### 2. FLSA Minimum Wage (Count II)

Mr. Ware contends the defendants failed to pay him the required minimum wage under the FLSA. (Doc. 1, ¶¶ 33–35). Under the FLSA, employers must pay a minimum wage to employees engaged in interstate commerce. 29 U.S.C. § 206(a). A plaintiff seeking unpaid minimum wages under the FLSA must establish: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or the defendant was an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff the applicable minimum wage. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008) (citation omitted).

Mr. Ware contends the defendants employed him full-time in the position of Field Services Technician. (Doc. 1, ¶ 13). In addition, Mr. Ware asserts the defendants were engaged in interstate commerce during his employment. (*Id.*

8

at ¶¶ 10–11). The FLSA mandates a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a).

Mr. Ware alleged in the complaint and testified at the evidentiary hearing he was paid a rate of $30.00 per hour. (Doc. 1, ¶¶ 14–15). Mr. Ware further testified he was not compensated for the hours he worked from August 16, 2020 through December 4, 2020. (*See* Doc. 28, pp. 2–5). Though the federal minimum wage is much less than his $30.00 hourly wage, he was paid no wage for the hours he worked from August 16, 2020 through December 4, 2020 so he is entitled to the federal minimum wage of $7.25 per hour in FLSA damages for his regular (non-overtime) unpaid hours.

### 3. Florida Statute § 448.08 (Count III)

Mr. Ware raises a claim for unpaid wages under Florida Law against Cadre.[2] (Doc. 1, ¶¶ 33–35). Mr. Ware brings his claim for unpaid wages under Section 448.08, the statute setting forth the basis for an award of reasonable attorney's fees and costs for prevailing in an action for unpaid wages. *See* Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.").

Although Fla. Stat. § 448.08 does not create an action for unpaid wages, when confronted with a claim for unpaid wages under Florida law, asserting

---

[2] The complaint names only Cadre in Count III. (*See* Doc. 1, p. 8).

9

only § 448.08 as the basis for such claim, courts analyze the claim under Florida common law. *See, e.g., Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (citations omitted); *Baker v. Fid. Mortg. Direct Corp.*, No. 8:10-cv-2596-T-24 TBM, 2011 WL 1560665, at *2 n.4 (M.D. Fla. Apr. 25, 2011) (citations omitted); *Short v. Bryn Alan Studios, Inc.*, No. 8:08-CV-145-T-30TGW, 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008) (citations omitted). Florida law construes wages within the meaning of § 448.08 to include compensation paid by an employer for the performance of service by an employee. *Short*, 2008 WL 2222319, at *3; *see Coleman v. City of Hialeah*, 525 So.2d 435, 437 (Fla. 3rd DCA 1988) (citing, among other sources, the Black's Law Dictionary definition of "wages," which includes tips, in finding that Florida courts determine that "wages" involve compensation paid to an employee for services rendered to his employer, including salaries, commissions, bonuses, vacation pay, and severance pay).

Mr. Ware alleged in the complaint and testified at the evidentiary hearing he was paid a rate of $30.00 per hour for his work performed for Cadre. (Doc. 1, ¶¶ 14–15). Mr. Ware further testified he was not compensated for the hours he worked from August 16, 2020 through December 4, 2020. (*See* Doc. 28, pp. 2–5). Thus, Mr. Ware established liability for Cadre on count III for unpaid wages under Section 448.08.

**C. Damages**

**1. Damages for Unpaid Wages under the FLSA and Florida Statute § 448.08**

The following represents Mr. Ware's alleged unpaid compensation under the FLSA and Fla Stat. § 448.08, at $30 per hour, from August 2020 through December 2020.

| 2020 Work Week | Hours Worked[3] | FLSA Amount Owed ($7.25/hour) | Remaining Amount Owed per Florida Statute § 448.08 ($22.75/hour)[4] |
|---|---|---|---|
| August 16th–August 22nd | 40 | $290.00 | $910 |
| August 23rd–August 29th | 40 | $290.00 | $910.00 |
| August 30th–September 5th | 40 | $290.00 | $910.00 |
| September 6th–September 12th | 33.5 | $242.88 | $762.12 |
| September 13th–September 19th | 40 | $290.00 | $910.00 |
| September 20th–September 26th | 40 | $290.00 | $910.00 |
| September 27th–October 3rd | 40 | $290.00 | $910.00 |

---

[3] The hours listed in Mr. Ware's documentation are divided in half to account for the work performed by Robert Salman. Mr. Ware testified the defendants advised him to hire Mr. Salman and they both worked equal hours on the same schedule. Mr. Ware testified he personally paid Mr. Salman with the understanding he would be reimbursed by the defendants. However, nothing in the complaint or the causes of action raised therein entitle Mr. Ware to reimbursement for Mr. Salman's work.

[4] This hourly rate is Mr. Ware's $30.00 per hour rate minus the $7.25 per hour awarded as FLSA unpaid wages.

11

| October 4th–October 10th | 38 | $275.50 | $864.50 |
|---|---|---|---|
| October 11th–October 17th | 40 | $290.00 | $910.00 |
| October 18th–October 24th | 39 | $282.75 | 887.25 |
| October 25th–October 31st | 33 | $239.25 | $750.75 |
| November 15th–November 21st | 25.5 | $184.88 | $580.12 |
| November 22nd–November 28th | 40 | $290.00 | $910.00 |
| November 29th–December 5th | 40 | $290.00 | $910.00 |
| **TOTAL** | 529 | **$3,835.26** | **$12,034.74** |

(*See* Doc. 28, pp. 2–5). Under the FLSA, an employer who violates the minimum wage is liable to the employee affected in the amount of the employee's unpaid minimum wages, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The defendants have not appeared, and, thus, hve not presented any evidence of a good faith failure to pay Mr. Ware minimum wages. Thus, unpaid minimum wages under the FLSA should be awarded for Mr. Ware and against the defendants for **$3,835.26** plus liquidated damages for Mr. Ware and against the defendants in the amount of **$3,835.26**. Additionally, unpaid wages under Fla. Stat. § 448.08 should be awarded for Mr. Ware and against Cadre only for **$12,034.74**.

### 2. Damages for Overtime Wages under the FLSA

Under the FLSA, an employee must be paid overtime wages of one and one-half times the regular rate of pay for hours worked over forty hours per week. 29 U.S.C. § 207(a)(2). The following represents Mr. Ware's FLSA overtime hours and $45.00 hourly overtime compensation from August 2020 through December 2020:

| 2020 Work Week | Overtime Hours | Amount Owed ($45.00/hour) |
|---|---|---|
| August 16th–August 22nd | 27 | $1,215.00 |
| August 23rd–August 29th | 41 | $1,845.00 |
| August 30th–September 5th | 22.25 | $1,001.25 |
| September 13th–September 19th | 7 | $315.00 |
| September 20th–September 26th | 6 | $270.00 |
| September 27th–October 3rd | 10.5 | $472.50 |
| October 11th–October 17th | 5 | $225.00 |
| November 22nd–November 28th | 12 | $540.00 |
| November 29th–December 5th | 6.5 | $292.50 |
| **TOTAL** | 137.25 | **$6,176.25** |

(*See* Doc. 28, pp. 2-5). Thus, an award of FLSA overtime wages (in addition to the unpaid wages addressed above) should be awarded for Mr. Ware and against the defendants for **$6,176.25**.

In addition, an employer under the FLSA is liable in the amount of unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Joiner v. City of Macon*, 814 F.2d 1537, 1538–39 (11th Cir. 1987) (providing that "liquidated damages are mandatory absent a showing of good faith"). Thus, an award of FLSA overtime wages and liquidated damages should be awarded for Mr. Ware and against the defendants for **$12,352.50** ($6,176.75 x 2).

### 3. Attorney's Fees and Costs

The entry of a default judgment entitles a plaintiff to reasonable attorney's fees and costs under the FLSA. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012). The undersigned therefore recommends the court find that Mr. Ware is entitled to reimbursement of his reasonable attorney's fees and costs as the prevailing party in this FLSA action against the defendants.

Mr. Ware's counsel withdrew from this action, and it is unclear if Mr. Ware's former counsel will seek to recover their attorney's fees and costs from Mr. Ware. If so, Mr. Ware's former counsel or Mr. Ware may request a specific amount of attorney's fees and costs by separate motion, with supporting documentation.

### 4. Expenses

Mr. Ware requests reimbursement for various expenses, such as: supplies of approximately $899.66 (*See* Doc. 28, pp. 6, 18, 22, 28, 35–45); rental car expenses of approximately $4,736.91 (*Id.* at pp. 26–34, 47–48); hotel expenses of approximately $1,510.29 (*Id.* at pp. 7–8, 11–2); and gas (*Id.* at pp. 13–16). However, Mr. Ware's alleged expenses cannot be awarded against the defendants under Mr. Ware's complaint for unpaid wages under the FLSA and Fla. Stat. § 448.08 and overtime wages under the FLSA.[5]

## IV. CONCLUSION

It is respectfully **RECOMMENDED** that Mr. Ware's Motion for Default Judgment be **GRANTED** as follows:

(1) Under the FLSA, overtime wages in the amount of $6,176.25 and liquidated damages for overtime wages in the amount of $6,176.25 be awarded for Mr. Ware and against the defendants for a total of **$12,352.50 for Count I**.

---

[5] Mr. Ware testified at the evidentiary hearing he received $4,300.00 via a series of cash and zelle payments from the defendants between September 18, 2020 and October 8, 2020. (*See* Doc. 28, p. 54). Due to the informality of these payments in comparison to the formal pay checks Mr. Ware showed the court for his prior wage payments, the court assumes these informal cash payments were made to compensate for some of these out-of-pocket expenses Mr. Ware incurred for his employer. Thus, this $4,300.00 should not be deducted from Mr. Ware's wage damages listed in this report and recommendation.

(2)     Under the FLSA, unpaid minimum wages in the amount of $3,835.26 and liquidates damages for unpaid minimum wages in the amount of $3,835.26 be awarded for Mr. Ware and against the defendants for a total of **$7,670.52 for Count II**.

(3)     Under Fla. Stat. § 448.08, unpaid minimum wages be awarded for Mr. Ware and against Cadre for a total of **$12,034.74 for Count III**.

(4)     Mr. Ware is entitled to attorney's fees and taxable costs against the defendants in an amount to be established by separate motion, if appropriate.

The Clerk is **DIRCTED** to terminate the Report and Recommendation entered on June 21, 2022 (Doc. 27). The Clerk is also directed to mail a copy of this order to: Leonard Ware 1532 Piermaj Lane, Lutz, Florida 33549; Michael K. Johnson, 5140 Mirror Lake Drive, Cumming, GA 30028; Millicent Johnson, 5140 Mirror Lake Drive, Cumming, GA 30028; and United States Corporation Agents, Inc., Registered Agent for Cadre Consulting Corp, 5575 S. Semoran Blvd., Suite 36, Orlando, Florida 32822.

**ENTERED** in Tampa, Florida on September 6, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**[6]

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

---

[6] In the event Mr. Ware does not object to this report and recommendation, he may file a notice advising the court of his nonobjection.